# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| JOHNNY N. MACIAS, | ) | |
| Plaintiff(s), | ) | 2:08-CV-0037-RLH-RJJ |
| vs. | ) | **O R D E R** |
| | ) | (Motions to Dismiss–## 5, 8, 11) |
| READY PAC, INC.; US DEPARTMENT OF AGRICULTURE; WAL-MART STORES, | ) | |
| Defendant(s). | ) | |

      Before the Court is **Defendant READY PAC PRODUCE, INC.'s Motion to Dismiss or to Strike or for a More Definite Statement of Plaintiff's Complaint** (#5, filed January 30, 2008), and two identical motions by Wal-Mart entitled **Defendant Wal-Mart Stores, Inc.'s Motion to Dismiss or to Strike or for a More Definite Statement of Plaintiff's Complaint and Joinder in Ready Pac Produce, Inc.'s Motion . . .** (## 8 and 11). (Wal-Mart's counsel, who is also Ready Pac's counsel, appears to have a habit of filing documents twice.) Plaintiff filed his Response to Defendants' Motions (#15). Defendant Ready Pac filed a Reply (#16). Wal-Mart filed a (actually 2) Joinder (## 18 and 20). Finally, Plaintiff filed an Opposition to Defendant's Reply (#22), and the matter was submitted for decision.

      The motions assert that Plaintiff fails to state a claim recoverable under 42 U.S.C. § 1983, pursuant to Fed. R. Civ. P. 12(b)(6), because the moving Defendants were not acting under color of law and no right established by the Constitution or the laws of the United States was

violated. The motions will be granted. Plaintiff simply has filed this lawsuit under the wrong law and in the wrong jurisdiction. If there is a cause of action, it is one for negligence and one which should be filed in the state court.

BACKGROUND

Plaintiff alleges that while at work at the Henderson Executive Airport, on October 7, 2007, he was eating a Ready Pac Bistro-Chicken Caesar Salad at work. While doing so he observed a white wadded up substance in the salad purchased from Wal-Mart, picked it out of the salad and identified it as a finger from a rubber glove. (Some of his claims suggest there might have been an actual severed finger in the finger portion of the rubber glove, but that is neither clear nor relevant.) He brings his suit on the basis of 42 U.S.C. § 1983. That statute provides, in pertinent part, as follows:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

DISCUSSION

**I. Motion to Dismiss Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In a motion to dismiss, a complaint must contain factual allegations that are sufficient "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). All factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to [p]laintiffs." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999). However, a court does not assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

////

2

**II. Requirements of Section 1983**

The clear language of the statute requires that the cause of action lies against a *person*. Neither company is a person under the definition of the statute.

The statute requires that the person be acting "under the color of law." Specifically, that person must be acting "under the color of *state* law." The two phrases are used interchangeably by the U.S. Supreme Court and the Ninth Circuit Court of Appeals. *Compare, e.g., Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994), and *Azer v. Connell*, 306 F.3d 930, 935 (9th Cir. 2002) (using "under color of law") with *Nelson v. Campbell*, 5t41 U.S. 637, 643 (2004), and *Meyers v. Redwood City,* 400 F.3d 765, 770 (9th Cir. 2005) (using "under color of state law").

Plaintiff bases his claim on the Declaration of Independence and federal food safety standards, although he does mention the Constitution of the State of Nevada for good measure.

Plaintiff apparently fails to understand what it means to act under the color of law. The Court will try to explain it in as simple terms as possible. A person acts under color of state law when the person acts, or claims to act, as a state or local government official in the performance of his or her official duties under any state, county, or municipal law. That is, the person committing the act must be performing the act as a state, county or municipal officer, or pretending that he or she is acting in that capacity. The fact that a person may violate a state, county or municipal ordinance, does not mean that they are acting in an official capacity. For example, even a lawyer, although he or she is licensed by the state, when representing a client in court, is not acting "under the color of law." *Polk County v. Dodson*, 454 U.S. 312, 319 n.9 (1981) (Even a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.).

Here, both Ready Pac and Wal-Mart are private companies, acting as private parties, and are not acting under color of law, notwithstanding they may be governed by certain standards

*////*

*////*

3

established by either the state or federal government.[1]  Accordingly, they were not acting and do not act "under color of state law," and a Section 1983 claim does not and cannot lie against them.

Plaintiff also has failed to claim an injury from any deprivation of a particular right under the Constitution of the United States or the laws of the United States.  Dissatisfaction with the food, or with finding a foreign object in food he purchased is not, in and of itself, the requisite violation, nor is there any claim–other than emotional distress–of injury therefrom.  He apparently found it very quickly and removed it.  He did not ingest it, nor was Plaintiff treated for any injury resulting from it.

Therefore, even assuming all that Plaintiff claims is true, he has failed to state a claim under 42 U.S.C. § 1983 upon which he can obtain relief.  Accordingly, his complaint must be dismissed and no amendment could cure the defects.

**III. Discussion of Plaintiff's Points in Opposition**

The United States Constitution, not the Declaration of Independence, is the fundamental federal law of the land.  The natural rights of liberty, the acquiring and enjoyment of property, and the pursuit of happiness have not been violated by the purported conduct of the Defendants here.

Scallions sold to Taco Bell, E-Coli outbreaks from contaminated vegetables or meats, or lawsuits over alleged unfair competition, have no relevance to this case or to these motions.  Nor is there any relevance to the number of times Ready Pac has been sued.  There is no evidence that Plaintiff's food was *poisoned* by the object in his salad.

/ / / /

/ / / /

---

[1] Although the US Department of Agriculture is not a party to these motions and has not entered an appearance, it, too, would be subject to dismissal because it acts under federal law and not under state law.  Thus, it is not a proper defendant in a Section 1983 case.

4

1         While the Court commends Plaintiff for his military service in Viet Nam, that service does not provide additional rights under Section 1983.

        Finally, claims, statements or other purported information on the internet is neither admissible in this Court, nor persuasive in its content.  Efforts to attack a Defendant's character are misplaced in a motion which deals with the sufficiency of Plaintiff's complaint.

        IT IS THEREFORE ORDERED that Defendants' Ready Pac, Inc., and Wal-Mart's Motions to Dismiss (## 5, 8 & 11) are GRANTED.

        Dated: March 12, 2008.

_____
**Roger L. Hunt
Chief United States District Judge**